### COUZINS *v.* PALMER *et al.*

(*District Court, N. D. Illinois.* July 9, 1891.)

WORLD'S COLUMBIAN COMMISSION — BOARD OF LADY MANAGERS — REMOVAL OF SECRETARY — POWER OF EXECUTIVE COMMITTEE.

Acts 1st Sess. 51st Cong. p. 62, § 6, authorized and required the World's Columbian Commission to appoint a board of lady managers, of such number and to perform such duties as might be prescribed by the commission. The commission, by its eleventh by-law, providing for the appointment of the board, directed that it should have a chairman and secretary. The board, by its fourth and fifth by-laws, provided that its officers should consist of a president, 9 vice-presidents, and a secretary, "all of whom should hold their office at the pleasure of the board;" and that there should be an executive committee of 25 members, besides the president; and that this committee, when the board was not in session, should have "all the powers of the board." The commission, at its fourth meeting, authorized the committee, "in the absence of the board, to exercise any and all powers which said board might exercise." *Held,* that the committee had full power to remove the secretary from office, and that no action of the commission was needed to make such removal complete.

In Equity.

Bill by Phœbe W. Couzins against Thomas W. Palmer and others, members of the World's Columbian Commission, to enjoin the latter from removing complainant from the office of secretary of the board of lady managers. Injunction denied.

*C. B. Waite* and *W. P. Black*, for complainant.

*E. Walker*, for defendants.

BLODGETT, J. By the bill in this case, complainant seeks to enjoin certain members of the World's Columbian Commission, who constitute the "board of reference and control" of said commission, from removing the complainant from the office of secretary of the board of lady managers; and also to enjoin the president of the board of lady managers, and the secretary of the executive committee of said board of lady managers, from in any way interfering with the office of secretary of said board. The cause is now before the court on exceptions to the answer of defendants, and on motion of complainant for an injunction as prayed. The bill charges, in substance, that complainant was, on the 19th of September, 1890, duly elected to the office of secretary of the board of lady managers of the World's Columbian Commission, and duly entered upon the performance of the duties of said position, and continued to perform such duties up to the 15th day of April last, when the executive committee of said board undertook, at a meeting of said executive committee, to depose complainant from her office as such secretary, and deprive her of the same, which action complainant charges was entirely illegal, and also charges that the "board of reference and control" of the commission con-

templates taking action upon the subject of the removal of complainant, and that complainant greatly fears that said board of reference and control contemplate affirming the action of the executive committee of the board of lady managers.

The essential question raised by the bill and answer is solely one of the power of the executive committee of the board of lady managers to remove complainant from the office of secretary of the board; and this question is to be solved by a consideration of the act of congress creating the World's Columbian Commission, and the action of the commission and board of lady managers. By the sixth section of the act creating the commission, (Acts 1st Sess. 51st Cong. p. 62,) said commission is authorized and required to appoint a board of lady managers, of such number and to perform such duties as may be prescribed by the commission; said board having the right to appoint one or more members of all committees authorized to award prizes for exhibits which may be produced, in whole or in part, by female labor. In pursuance of this provision, the commission adopted its eleventh by-law as follows:

"The board of lady managers shall consist of two women from each state and territory and the District of Columbia, to be nominated by commissioners from the several states and territories and the District of Columbia, and of one woman to be nominated by each of the commissioners at large, and to be appointed by the president; and also nine women of the city of Chicago, to be appointed by the president, as has been expressly determined by the order of the commission; and a like number of alternates to be appointed in the same manner as the principals, and to assume the duties and functions of such principals only when the principals are unable to attend. Principals and alternates shall be duly commissioned in accordance with the direction of the commission. The board of lady managers shall be convened by the order of the executive committee of the commission at such time and place as it may deem proper, and, when so convened, shall organize by the election of a chairman and secretary. The duration of such first meeting, as well as the number and duration of each subsequent meeting, shall be wholly under the control and be determined by said executive committee. The members of this board shall be the officers of the commission, and shall perform such duties in connection with the woman's department of the exposition as said executive committee shall prescribe. * * *"

The members of this board of lady managers were accordingly appointed, and at a session thereof held in November, 1890, adopted a series of by-laws. The fourth by-law in said series provided as follows:

"(4) The officers of said board shall consist of a president, whose official title shall be 'President of the Board of Lady Managers of the World's Columbian Commission;' 9 vice-presidents, who shall be denominated as first, second, third, fourth, fifth, sixth, seventh, and eighth vice-presidents, and a vice-president at large; and a secretary,—all of whom shall hold their office at the pleasure of the board of lady managers."

And by the fifth by-law in said series it is provided as follows:

"(5) There shall be an executive committee consisting of twenty-five members, besides the president, each of whom shall be appointed by the president; each of the standing committees to be represented on the executive committee. The said committee, when the board is not in session, shall have all the powers of the board of lady managers. * * *"

Under these by-laws, Mrs. Bertha M. H. Palmer was elected president, and the complainant, Miss Phœbe Couzins, was elected secretary, and they respectively entered upon the duties of the positions to which they had been so elected. The president also appointed an executive committee of 25 members, besides herself; but none of them were members of the standing committee of the board, as such standing committees have not, so far as the court is informed, yet been appointed. This action of the board of lady managers and of its president was duly reported to the commission, and at the fourth session of the commission, begun on the 1st day of April, 1891, and continued to the end of the 4th day of said month, the commission adopted certain resolutions in regard to the powers and duties of the board of lady managers, the fourth and fifth of which resolutions are as follows:

"(4) That, in conducting the work herein assigned to said board of lady managers, the same shall in all things be done under the direction and supervision and with the approval of the president of said board, who shall have full and complete control, subject to the direction of the executive committee of said board, and to the approval of the commission and its director general; and that all correspondence, clerical and working force, and expenditures of money shall be directed, ordered, and approved by the president of said board, who shall have all accounts duly audited, and certify the same to the board of reference and control for approval. (5) That, owing to the evident intention of congress to allow few meetings of the full board of lady managers, the executive committee thereof, or a subcommittee of said executive committee, is hereby authorized and empowered, in the absence of the board, to exercise any and all powers which said board might exercise in session, including the right and privilege of amending its by-laws, should said committee or subcommittee at any time deem it necessary or advisable."

Differences seem to have arisen between the complainant and the executive committee of the board of lady managers, (with the merits of which the court has nothing to do,) which culminated in charges being preferred by the committee against the complainant as secretary, of which charges she was notified, and an opportunity given her for a hearing; and, she not appearing to explain or defend herself, the executive committee of the board of lady managers, on the 15th of April last, adopted resolutions removing the complainant from her office as secretary, and placed another person in charge of the secretary's office.

It will be seen from this recital of the provisions of the act of congress that this board of lady managers is entirely subordinate to the commission, and has no powers or duties except such as are delegated to it by the commission, with the exception of the single right to appoint one or more members of the committees authorized to award prizes for exhibits produced, in whole or in part, by female labor, the latter being a duty which has no bearing upon the questions in this case; the relation of the board to the commission being analogous to that of a committee of congress or a legislature to the entire body, and the complainant's relation that of a mere clerk of such committee. The appointment of the lady managers, how many women should constitute the board, and the general duties of the board were all left to the discretion of the commission. The commission, by its by-law providing for the appointment of

the members of the board, directs that it shall have a chairman and secretary. When the members of the board met, they enacted a code of by-laws, the fourth of which provided that the officers of the board should consist of a president and 9 vice-presidents and a secretary, all of whom should hold their office at the pleasure of the board. The fifth by-law provided for an executive committee of 26 members, and that this executive committee should have all the powers of the board, when the board is not in session; and the commission, by its action at the April meeting, virtually re-enacted this clause of the fifth by-law of the board, and made it a part of the fundamental law of the board. The secretary having been elected to serve only during the pleasure of the board, there can be no doubt that the board had full power to remove her. One of the powers, therefore, reserved to the board is that of removing the person it elected secretary; but the board also, in its very next utterance, by its fifth by-law, clothes its executive committee with all its powers, among which, of course, is the right to remove the secretary or any other officer. Whatever doubt might arise as to the right of the executive committee to exercise all the powers of the board by virtue of the board's own by-law must, I think, vanish in the light of the action of the commission at its April meeting, in which it endows the executive committee of the board of lady managers with all the powers of that board, when the board is not in session. It is very clear to me that the commission has full power to enlarge or limit the powers of the board of lady managers in all respects, except that of naming members of certain committees. It has the right to prescribe how and by what instrumentalities the board shall exercise or perform its functions; and the action of the commission at its meeting in April last was, as I have no doubt, intended to substitute the executive committee for the full board in the performance of the duties of the board, for the financial reason stated in the first clause of the fifth resolution. In other words, the working board is reduced to its executive committee; and being, as to all questions involved in this case, a mere creature of the commission, as to its powers and duties, and how its powers shall be exercised, the commission had the undoubted right to say how the board should express its intentions and purposes; and I think the deduction is inevitable from the premises that it was entirely competent for the executive committee of the board of lady managers to express the pleasure of the entire board in regard to the fitness of any person who had been elected to an office to longer continue to hold and exercise such office. The plenary powers and ample discretion with which the commission clothed the executive committee of the board by its action at its April meeting manifests so clearly an intention that this committee shall speak for the entire board that I can see no reason why the action of the executive committee is not to be taken and considered as the action of the board itself. It is not necessary for the purposes of this case that the court shall inquire or suggest what may be the power of the board itself, whenever it meets, in regard to affirming or disaffirming the action of its committee.

I am therefore of opinion that the executive committee of the board of lady managers had full power to remove the complainant from the office of secretary, and that no action of the board of reference and control of the commission was needed to make such removal complete. Complainant was therefore effectually out of office when this bill was filed, and the law is fully settled that a court of equity has no power to restore a person to an office from which he has been removed. The exceptions to the answer are therefore overruled, and the prayer for an injunction denied.